UNITED STATES of America, Appellee,

v.

Jimmy Dale SHEETS, Appellant.

No. 94–3498WM.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1995.

Decided Sept. 13, 1995.

James R. Hobbs, Kansas City, MO, argued (W. Brian Gaddy, on the brief), for appellant.

David D. Newbert, Asst. U.S. Atty., Kansas City, MO, argued, for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

Jimmy Dale Sheets appeals his sentence. Sheets contends the district court improperly increased his base offense level for attempting to inflict a financial loss of $103,697.90. *See* § 2F1.1(b)(1)(G). We conclude the district court committed no error and affirm.

The facts are not complicated. Following an on-the-job dispute with co-worker Quinn Hancock, Sheets filed false amended income tax returns in Hancock's name. The amended returns showed nearly $390,000 in unreported gambling income with an additional tax liability of $103,697.90. The Internal Revenue Service (IRS) billed Hancock for the taxes owing on the fictitious income. Hancock denied earning any gambling income, informed the IRS that Sheets filed the false tax returns in retaliation, and with the assistance of counsel, Hancock eventually convinced the IRS the tax returns were bogus. When contacted by IRS agents, Sheets denied filing any tax returns in Hancock's name, furnished a disguised handwriting sample, and altered the typewriter he used to type the false returns before turning it over for analysis. Following the IRS's investigation, Sheets waived indictment and pleaded guilty to a two-count information charging him with making false statements to the IRS in violation of 18 U.S.C. § 1001 (1988).

■ In calculating the victim's loss for sentencing purposes under § 2F1.1, the district court based the loss on the tax liability shown on the false tax returns and, thus, raised Sheets's base offense level by six. *See* U.S.S.G. § 2F1.1(b)(1)(G); *id.* n. 7 (intended loss more than $70,000 and less than $120,001). Although Sheets agrees the district court correctly focused on the possible loss that Sheets attempted to inflict on Hancock, *United States v. Morris*, 18 F.3d 562, 570 (8th Cir.1994), Sheets contends the district court improperly applied the guideline in his case. We review applications of the sentencing guidelines de novo and factual questions about sentencing decisions under the clearly erroneous standard. *United States v. Casares–Cardenas*, 14 F.3d 1283, 1288 (8th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 147, 130 L.Ed.2d 86 (1994).

■ Sheets contends the sentencing record does not support the district court's finding that Sheets intended to inflict a financial loss on Hancock. Sheets argues that he only intended to frighten and harass Hancock, and the district court improperly found that Sheets intended for Hancock to pay taxes on the fictitious income. We reject Sheets's argument. Sheets admitted filing the false tax returns that put Hancock at risk for additional tax liability on unreported gambling income. Indeed, Sheets anticipated the IRS would assess Hancock for additional taxes owing on the fictitious income. Also, to keep the IRS's suspicion focused on Hancock, Sheets denied any knowledge of the false returns. The district court reasonably could infer Sheets intended to cause loss to Hancock in the amount of the taxes listed on the false returns.

■ Sheets also contends that even if the district court correctly found that he intend-

ed to inflict a financial loss on Hancock, the district court misapplied § 2F1.1 because the intended loss was not possible. *See United States v. Watkins,* 994 F.2d 1192, 1196 (6th Cir.1993). Sheets argues that it was "impossible for [Sheets] to [create] a tax liability that did not exist, or to [cause Hancock] to pay the amount he did not owe." We disagree. Having filed tax returns that established Hancock's tax liability for unreported gambling income, Sheets took all the steps necessary for his scheme to succeed unless Hancock persuaded the IRS that he was a victim instead of a tardy taxpayer. In the context of Sheets's fraudulent scheme, an actual loss was possible if the deception entailed in the fraud succeeded. Thus, the district court properly applied the guideline to increase Sheets's base offense level.

Accordingly, we affirm Sheets's sentence.